**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL NO. 73, <br><br> and <br><br> THE TRUSTEES of the SHEET METAL WORKERS LOCAL NO. 73 PENSION FUND, SHEET METAL WORKERS LOCAL NO. 73 WELFARE FUND; and SHEET METAL WORKERS LOCAL NO. 73 ANNUITY FUND, <br><br> Plaintiffs, <br> v. <br><br> DYNAMIC AIR SOLUTIONS, LLC, an Illinois Limited Liability Corporation; and KIPP SOBIESKI, Individually <br><br> Defendants. | Case No.: <br><br> Judge: <br><br> Magistrate Judge: |

## COMPLAINT

Plaintiffs, SHEET METAL WORKERS LOCAL NO. 73 (hereinafter **"Plaintiff Union"**) and THE TRUSTEES of the SHEET METAL WORKERS LOCAL NO. 73 PENSION FUND, SHEET METAL WORKERS LOCAL NO. 73 WELFARE FUND and SHEET METAL WORKERS LOCAL NO. 73 ANNUITY FUND (collectively **"Plaintiff Funds"**) by and through their attorneys at Gregorio & Marco, Ltd., bring the following action against DYNAMIC AIR SOLUTIONS, LLC, an Illinois Limited Liability Corporation and KIPP SOBIESKI, individually (collectively **"Defendants"**)  In support, the Plaintiffs state as follows:

1

**Count I (Contribution Reports)**

1. This action arises under Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132 *et seq*. (hereinafter referred to as "ERISA") and Section 301 of the Taft-Hartley Act, 29 U.S.C. §185. Jurisdiction is founded on the existence of questions arising thereunder.

2. The Plaintiff Funds are multiemployer plans as defined under 29 U.S.C. § 1002. Their principal offices are located at 4550 Roosevelt Road, Hillside, Illinois, within the Northern District of Illinois.

3. The Defendant Dynamic Air Solutions, LLC ("Dynamic Air") is an employer engaged in the sheet metal industry. Its principle office is located at 265 Jamie Lane, Wauconda, Illinois, and is within the Northern District of Illinois.

4. The Plaintiff Funds receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Plaintiff Union.

5. On July 13, 2016, Dynamic Air executed a Supplemental Agreement (hereinafter "Agreement") with the Sheet Metal Workers' Union, Local No. 73 and other documents acknowledging receipt of a Collective Bargaining Agreement (hereinafter "CBA") and acknowledging the Agreement and Declaration of Trust, true and correct copies of which are attached hereto as **Exhibit A**. By its terms, the Supplemental Agreement between Dynamic Air and the Union adopted the terms of the CBA. The CBA binds Dynamic Air to the terms of the Trust Agreements which created the Plaintiff Funds.

6. The CBA requires Dynamic Air to contribute to the Plaintiff Funds and binds Dynamic Air to the plan's governing documents, including the Trust Agreement. The Trust Agreement requires the Dynamic Air to submit monthly reports listing the hours worked by its

bargaining unit employees (hereinafter referred to as "monthly contribution reports"). Dynamic Air is also required to make concurrent payment of contributions to the Plaintiff Funds based upon the hours worked by said employees.

7. Dynamic Air has breached its obligations under the Trust Agreement and the CBA by failing to submit monthly contribution reports for the months of May 2018 to the present.

8. Due to Dynamic Air's failure to submit contribution reports, Plaintiffs are unable to calculate the amount of any monthly contributions and/or late assessments which may be due for the above-listed months.

9. Plaintiffs have requested that Dynamic Air become current and perform its obligations listed above, but Defendant has failed and refused to so perform.

10. As an employer obligated to make fringe benefit contributions to the Funds, Dynamic Air is specifically obligated to compensate Plaintiffs for the additional administrative costs and burdens imposed by Dynamic Air's failure to submit reports or pay contributions, by paying liquidated damages on the whole amount of any contributions remaining unpaid, together with interest, as provided in 29 U.S.C. §1132(g)(2)(B).

11. As an employer obligated to make fringe benefit contributions to the Funds, Dynamic Air is specifically obligated to pay Plaintiff's reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to recover delinquent contributions, as provided in 29 U.S.C. §1132(g)(2)(D).

12. Pursuant to 29 U.S.C. §1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of a) double interest on the unpaid contributions or b) interest plus liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount due.

WHEREFORE, Plaintiffs pray:

- A. That the Defendant, Dynamic Air Solutions, LLC be ordered to submit the reports referenced in Count I pursuant 29 U.S.C. §§1132(g)(A), 1145;
- B. That Dynamic Air Solutions, LLC be ordered to pay interest on any contributions found to be due from the reports referenced in Count I pursuant to 29 U.S.C. §1132(g)(2)(B);
- C. That Dynamic Air Solutions, LLC be ordered to pay liquidated damages on any delinquent contributions found to be due from the reports referenced in Count I pursuant to 29 U.S.C. §1132(g)(2)(C);
- D. That Dynamic Air Solutions, LLC be ordered to pay the late assessments found to be due from the reports referenced in Count I pursuant to 29 U.S.C. §1145.
- E. That Dynamic Air Solutions, LLC be ordered to pay the reasonable attorney fees and costs incurred by the Plaintiffs referenced in Count I pursuant to 29 U.S.C. §1132(g)(2)(D);
- F. That Plaintiffs be granted such other relief as the Court deems just and equitable.

### COUNT II (Breach of Note Dynamic Air Solutions, LLC)

13. Plaintiffs reallege and incorporate paragraphs 1-13 into Count II of this Complaint.
14. On or about May 8, 2018, Defendant Dynamic Air Solutions, LLC entered into a settlement agreement with the Plaintiffs. (Exhibit B – Settlement Agreement).
15. Paragraph 6 of the Settlement Agreement requires Dynamic Air Solutions, LLC to remain current on monthly contribution reports.
16. Defendant Dynamic Air, LLC breached the settlement agreement and is in default by failing to pay contributions for the period of May 2018 to the present.
17. On or about July 10, 2018, a default notice was sent to Dynamic Air Solutions, LLC.

18. As of the date of this Complaint, Defendant Dynamic Air Solutions, LLC has failed to cure the default.
19. Paragraph 5 of the settlement agreement provides that in the event of default, the remaining balance owed on the settlement agreement is accelerated. (Exhibit B)
20. Paragraph 5 provides that Plaintiffs are entitled to attorneys' fees in enforcing the agreement. (Exhibit B).

WHEREFORE, Plaintiffs pray as follows:
   A. Defendant, Dynamic Air Solutions, LLC be ordered to pay the remaining balance owed under the settlement agreement.
   B. That Plaintiffs be awarded their reasonable attorneys' fees.
   C. That Plaintiffs be granted such other relief as the Court deems just and equitable.

### COUNT III (Breach of Note Kipp Sobieski)

21. Plaintiffs reallege and incorporate paragraphs 1-20 into Count III of this Complaint.
22. Kipp Sobieski is an owner and corporate officer of Dynamic Air Solutions, LLC.
23. On or about May 8, 2018, Defendant Kipp Sobieski signed a settlement agreement with the Plaintiffs as an individual. (Exhibit B – Settlement Agreement).
24. Paragraph 7 of the Settlement Agreement provides for personal liability for amounts owed under the agreement. (Exhibit B).
25. Paragraph 6 of the Settlement Agreement requires Dynamic Air Solutions, LLC to remain current on monthly contribution reports. (Exhibit B)
26. Defendant Dynamic Air Solutions, LLC breached the settlement agreement and is in default by failing to pay contributions for the period of May 2018 to the present.
27. On or about July 10, 2018, a default notice was sent to Dynamic Air Solutions, LLC.
28. As of the date of this Complaint, Defendant Dynamic Air Solutions, LLC has

failed to cure the default.

29. Paragraph 5 of the settlement agreement provides that in the event of default, the remaining balance owed on the settlement agreement is accelerated. (Exhibit B).

30. Paragraph 5 provides that Plaintiffs are entitled to attorneys' fees in enforcing the agreement. (Exhibit B).

WHEREFORE, Plaintiffs pray as follows:

A. Defendant, Kipp Sobieski be ordered to pay the remaining balance owed under the settlement agreement.

B. That Plaintiffs be awarded their reasonable attorneys' fees.

C. That Plaintiffs be granted such other relief as the Court deems just and equitable.

                                                Respectfully submitted,
                                                **Sheet Metal Workers 73 Benefit Funds**

                                                BY:/s/ Grant R. Piechocinski_____
                                                       One of their attorneys

Grant R. Piechocinski
Gregorio ♦ Marco, Ltd.
Attorney for Plaintiffs
2 North LaSalle Street
Chicago, IL 60602
(312) 263-2343

6